UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br>　　　　　Petitioner,<br>　　v.<br>CRAIG KOENIG,<br>　　　　　Respondent. | Case No. 19-cv-08144-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 2, 6 |

Petitioner Rodney Barno seeks federal habeas relief under 28 U.S.C. § 2254 on grounds that the state courts violated his constitutional rights when they dismissed as moot his habeas petition in which he objected to state regulations that barred him from petitioning for resentencing under Proposition 57. More specifically, he alleges that the state courts' dismissal of his petition without ruling on the underlying merits of his Proposition 57 claims violated his federal constitutional rights. Because errors in state post-conviction review process are not remediable on federal habeas review, the petition will be dismissed.

In 2005, Barno was convicted by a San Diego County Superior Court jury of making criminal threats, vandalism, criminal harassment, and harassment by phone. (Pet., Dkt. No. 1 at 1-2.) He received a sentence of 50 years to life. (*Id.*) It appears that Barno's initial challenges to the conviction and sentence have concluded. (*Id.* at 3.)

|   |   |
|---|---|
| 1 | |
| 2 | In 2018, Barno filed a state petition in the Monterey County Superior Court on grounds the CDCR "is illegally preventing him from obtaining early parole consideration under Proposition 57 as a non-violent offender serving an indeterminate life sentence." (*Id.*, Monterey Superior Court Order, at 12.) According to the superior court, he contended that the "regulations adopted by CDCR to effectuate Proposition 57 are inconsistent with the intent and plain language of the constitutional amendment." (*Id.*) The superior court directed respondent to file a response to the petition. (*Id.*) After the response was received, the superior court issued its dispositive ruling in April 2019. (*Id.* at 15.) The court noted that the CDCR had amended the regulations "to allow inmates in petitioner's position access to early parole consideration." (*Id.*) Because petitioner received the relief he had requested --- the removal of the regulatory barrier to his filing for relief --- the court dismissed his petition as moot. (*Id.*) In May 2019, the state appellate and supreme courts denied petitioner's subsequent habeas petitions. (*Id.* at 17, 18.) |

In 2018, Barno filed a state petition in the Monterey County Superior Court on grounds the CDCR "is illegally preventing him from obtaining early parole consideration under Proposition 57 as a non-violent offender serving an indeterminate life sentence." (*Id.*, Monterey Superior Court Order, at 12.) According to the superior court, he contended that the "regulations adopted by CDCR to effectuate Proposition 57 are inconsistent with the intent and plain language of the constitutional amendment." (*Id.*) The superior court directed respondent to file a response to the petition. (*Id.*) After the response was received, the superior court issued its dispositive ruling in April 2019. (*Id.* at 15.) The court noted that the CDCR had amended the regulations "to allow inmates in petitioner's position access to early parole consideration." (*Id.*) Because petitioner received the relief he had requested --- the removal of the regulatory barrier to his filing for relief --- the court dismissed his petition as moot. (*Id.*) In May 2019, the state appellate and supreme courts denied petitioner's subsequent habeas petitions. (*Id.* at 17, 18.)

In December 2019, Barno filed the instant federal habeas petition. As grounds for federal habeas relief, Barno contends that the state courts' dismissal of his petition without ruling on the underlying merits of his Proposition 57 claims violated his federal constitutional rights. (*Id.* at 5-9.)

Federal habeas relief is not warranted on Barno's claim. Errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). Such errors generally do not represent an attack on the prisoner's detention; instead, they generally pertain to the review process itself and not to the constitutionality of a state conviction. *See, e.g.,* 28 U.S.C. § 2254(i) (claims of ineffective assistance of counsel during state or federal collateral post-conviction proceedings not cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state habeas proceeding not addressable

in federal habeas); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary denial of petition for post-conviction relief is procedural deficiency in review process that does no violence to federal constitutional rights); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas), cert. denied, 484 U.S. 838 (1987); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim in federal habeas). Barno's claims do not provide proper grounds for federal habeas relief. *See id.*

Indeed, any claim in this court that the state court's ruling violates state law or the state constitution cannot succeed. Violations of state law are not remediable on federal habeas review, even if state law was erroneously applied or interpreted. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Barno can now file a state petition in which he presents the merits of his resentencing claims; the barriers to him pursuing that relief have been removed. If his state petition is denied on the merits, he may then file a federal petition. I cannot rule on those claims now because they have not been exhausted. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Accordingly, his petition is DISMISSED without prejudice to his ability to file a new federal habeas action after he has exhausted his claims in state court.

Barno's application to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 2 and 6.)

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 20, 2020



WILLIAM H. ORRICK
United States District Judge

3